Morris Fateha, Esq. (MF 0854)
Law Offices of Morris Fateha, P.C.
2084 East 8th Street, 2nd Floor
Brooklyn, NY 11223
(718) 627-4600

*Attorneys for Defendant*
*Burlington Coat Factory Warehouse Corporation, and*
*American Exchange LLC d/b/a Timing Trends*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
Viva Time Corporation                  :
                                       :
                    Plaintiff(s),      :     Civil Action
                                       :
v.                                     :     No.: 11-CIV 8893
                                       :
American Exchange Time LLC, d/b/a      :     **AMENDED**
Timing Trends, and Burlington Coat     :     **ANSWER WITH COUNTERCLAIMS**
Factory Warehouse Corporation          :
                                       :
                    Defendants.        :
_____X

Defendant, American Exchange Time LLC, d/b/a Timing Trends (hereinafter "defendants") by their attorney, Morris Fateha, as and for their answer to the complaint, respectfully alleges upon information and belief, as follows:

## JURIDICTION, PARTIES, & NATURE OF THE ACTION

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the complaint.

3. Deny each and every allegation contained in paragraph "3" of the complaint.

4. Deny each and every allegation contained in paragraph "4" except admit that it maintains a place of business at 1830 Route 130, North Burlington, New Jersey 08016.

5. Deny each and every allegation contained in paragraph "5" of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

## BACKGROUND FACTS

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint.

8. Deny each and every allegation contained in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the complaint.

10. Deny each and every allegation contained in paragraph "10" of the complaint.

11. Deny each and every allegation contained in paragraph "11" of the complaint.

12. Deny each and every allegation contained in paragraph "12" of the complaint.

13. Deny each and every allegation contained in paragraph "13" of the complaint.

14. Deny each and every allegation contained in paragraph "14" of the complaint.

15. Deny each and every allegation contained in paragraph "15" of the complaint.

16. Deny each and every allegation contained in paragraph "16" of the complaint.

17. Deny each and every allegation contained in paragraph "17" of the complaint.

18. Deny each and every allegation contained in paragraph "18" of the complaint.

19. Deny each and every allegation contained in paragraph "19" of the complaint.

20. Deny each and every allegation contained in paragraph "20" of the complaint.

21. Deny each and every allegation contained in paragraph "21" of the complaint.

22. Deny each and every allegation contained in paragraph "22" of the complaint.

23. Deny each and every allegation contained in paragraph "23" of the complaint.

24. Deny each and every allegation contained in paragraph "24" of the complaint.

25. Deny each and every allegation contained in paragraph "25" of the complaint.

26. Deny each and every allegation contained in paragraph "26" of the complaint.

27. Deny each and every allegation contained in paragraph "27" of the complaint.

28. Deny each and every allegation contained in paragraph "28" of the complaint.

29. Deny each and every allegation contained in paragraph "29" of the complaint.

30. Deny each and every allegation contained in paragraph "30" of the complaint.

31. Deny each and every allegation contained in paragraph "31" of the complaint.

32. Deny each and every allegation contained in paragraph "32" of the complaint.

## COUNT I INFRIGMENTS OS U.S. DESIGN PATENT No. 29/372,930

33. Repeat and reallege each and every response applicable to the allegations in paragraphs "1" through "32" as though more fully set forth at length herein.

34. Deny each and every allegation contained in paragraph "34" of the complaint.

35. Deny each and every allegation contained in paragraph "35" of the complaint.

36. Deny each and every allegation contained in paragraph "36" of the complaint.

37. Deny each and every allegation contained in paragraph "37" of the complaint.

38. Deny each and every allegation contained in paragraph "38" of the complaint.

39. Deny each and every allegation contained in paragraph "39" of the complaint.

## COUNT II FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRIGMENT UNDER 15 U.S.C. 81125(A)(1)

40. Repeat and reallege each and every response applicable to the allegations in paragraphs "1" through "39" as though more fully set forth at length herein.

41. Deny each and every allegation contained in paragraph "41" of the complaint.

42. Deny each and every allegation contained in paragraph "42" of the complaint.

43. Deny each and every allegation contained in paragraph "43" of the complaint.

44. Deny each and every allegation contained in paragraph "44" of the complaint.

45. Deny each and every allegation contained in paragraph "45" of the complaint.

## COUNT III
## NEW YORK UNFAIR COMPETITION

46. Repeat and reallege each and every response applicable to the allegations in paragraphs "1" through "45" as though more fully set forth at length herein.

47. Deny each and every allegation contained in paragraph "47" of the complaint.

48. Deny each and every allegation contained in paragraph "48" of the complaint.

49. Deny each and every allegation contained in paragraph "49" of the complaint.

50. Deny each and every allegation contained in paragraph "50" of the complaint.

51. Deny each and every allegation contained in paragraph "51" of the complaint.

### COUNT IV COPYRIGHT INFRIGMENT

52. Repeat and reallege each and every response applicable to the allegations in paragraphs "1" through "51" as though more fully set forth at length herein.

53. Deny each and every allegation contained in paragraph "53" of the complaint.

54. Deny each and every allegation contained in paragraph "54" of the complaint.

55. Deny each and every allegation contained in paragraph "55" of the complaint.

56. Deny each and every allegation contained in paragraph "56" of the complaint.

57. Deny each and every allegation contained in paragraph "57" of the complaint.

58. Deny each and every allegation contained in paragraph "58" of the complaint.

59. The allegations contained in the WHEREFORE clause of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Defendants deny the allegations contained in the WHEREFORE clause of the Complaint.

### *DEMAND FOR A JURY TRIAL*

60. The Defendants hereby demand a trial by jury as to any and all issues raised in the Complaint and this Answer which are triable before a jury.

### FIRST AFFIRMATIVE DEFENSE

61. The Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

62. Plaintiff's claims may be barred in whole or in part by waiver, estoppel and/or the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

63. Plaintiff's claims may be illegal or in violation of public policy.

## FOURTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred by the doctrine of privilege to engage in business competition.

## SIXTH AFFIRMATIVE DEFENSE

66. Plaintiff's alleged design-patent is invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, including without limitation 35 U.S.C. §§ 102, 103, 112, and **171**.

## SEVENTH AFFIRMATIVE DEFENSE

67. Defendants have not directly infringed any claim of plaintiff's design patent, nor have they induced or contributed to the infringement of any claim of the referenced patents.

## EIGHTH AFFIRMATIVE DEFENSE

68. Upon information and belief, Plaintiff's knew or should have known that plaintiff's alleged design patents are invalid under 35 U.S.C. §§ 102, 103, 112 or **171**, but have unlawfully attempted to prevent Defendants and other third parties from selling its alleged watch design, alleging infringement of knowingly invalid or unenforceable patents.

69. Upon information and belief, Plaintiff has also committed patent misuse by impermissibly broadening the physical limitations of the alleged design-patent beyond the scope of the patent grant with an anti-competitive purpose and effect. Plaintiff's alleged design-Patent should be held unenforceable in view of Plaintiff's patent misuse.

## NINTH AFFIRMATIVE DEFENSE

70. Upon information and belief, Plaintiff's claims for relief and prayer for damages are barred, in whole or in part, by failure of Plaintiff to comply with the marking and/or notice provisions of 35 U.S.C. § 287.

## TENTH AFFIRMATIVE DEFENSE

71. Upon information and belief, one or more of the claims of the alleged design patents asserted in this action are invalid for failing to meet the conditions for patentability specified in 35 U.S.C. § 102(b) because the claimed subject matter was patented or described in one or more printed publication in the United States or a foreign country or

in public use or on sale in the United States, more than one year prior to the date of the applications for said patents.

## ELEVENTH AFFIRMATIVE DEFENSE

72. Upon information and belief, one or more of the claims of the alleged design patents asserted in this action are invalid for failing to meet the conditions for patentability specified in 35 U.S.C.§ 103 because the differences between the subject matter of the claim and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains.

## TWELFTH AFFIRMATIVE DEFENSE

73. The claims of the alleged design patents asserted in this action are invalid for failing to meet the conditions for patentability specified in 35 U.S.C. § 171.

## THIRTEENTH AFFIRMATIVE DEFENSE

74. Alleged design patent is invalid and/or unenforceable for failure to comply with one or more of the statutory requirements of the patent laws of the United States, including the provisions of 35 U.S.C. §§ 102, 103 and/or **171**.

## FOURTEENTH AFFIRMATIVE DEFENSE

75. Defendants assert that the alleged design patent is unenforceable under 35 U.S.C. § 282 for inequitable conduct in violation of the statutory duty of disclosure.

## FIFTEENTH AFFIRMATIVE DEFENSE

76. The alleged design patent is functional and, therefore, not entitled to protection under **35 U.S.C. § 171**.

## SIXTEENTH AFFIRMATIVE DEFENSE

77. Upon information and belief, Defendants assert that Plaintiff obtained an expedited prosecution of the patent application through improper means and should not have had the patent expedited and quickly rushed through the USPTO and allowed through the USPTO. Therefore, the alleged design patent is invalid, void, and of no force and effect.

## SEVENTEENTH AFFIRMATIVE DEFENSE

78. Upon information and belief, Plaintiff has taken certain positions or done certain acts before the USPTO during the prosecution of the patent applications leading to the alleged design-patent to achieve allowance of claims in the alleged design patent that result in those claims being invalid or that estop and/or preclude Plaintiff from contending products sold by defendants infringe those claims.

## EIGHTEENTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert them.

### NINTEENTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

### TWENTIETH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### TWENTY FIRST AFFIRMATIVE DEFENSE

82. Defendants assert that it has not willfully infringed the alleged design patents and alleged trade dress.

### TWENTY SECOND AFFIRMATIVE DEFENSE

83. Plaintiff's claims for injunctive relief are barred because the Plaintiff has adequate remedies at law.

### TWENTY THIRD AFFIRMATIVE DEFENSE

84. Plaintiff has suffered no damages and/or the damages claimed by Plaintiff are speculative and, therefore, are not recoverable.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

85. Plaintiff has not alleged facts, and defendants have not engaged in conduct, that entitles Plaintiff to an award of attorneys' fees.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

86. Plaintiff has not alleged facts, and Defendants have not engaged in conduct, that entitles Plaintiff to treble damages if requested.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

87. Defendants have never manufactured, imported, sold or offered for sale any products, or used any methods, that infringe any valid claims of alleged design-patent.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

88. Upon information and belief, the alleged design-patent is invalid, unenforceable and/or void for failure to comply with one or more of the provisions of 35 U.S.C. §§ 102, 103, 115, 116, or **171** for one or more of the following reasons:

89. The patentee did not invent the subject matter patented, nor did he make any invention or

discovery, whether novel, original, or otherwise, within the meaning of Title 35 of the United States Code.

90. Upon information and belief, the alleged watch design was made by another in this or a foreign country before the patentee's alleged date of invention, and such other person had not abandoned, suppressed, or concealed it.

91. The claims are not directed to patentable combinations, but are directed to mere aggregations of parts or steps, means, or elements which were matters of common knowledge in the art to which said patent relates before the alleged invention and more than one year prior to the date of the application for said patent.

92. In light of the prior art at the time the alleged inventions were made, the subject matter as claimed in the patent would have been obvious to a person skilled in the art to which the alleged invention relates and does not constitute a patentable invention.

93. The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the patentee of the patent in suit.

94. The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

95. the patent-in-suit fails to meet the novelty requirement of **35 U.S.C. § 171**, which states: "Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefore, subject to the conditions and requirements of this title." Therefore, the patent-in-suit is invalid for lacking the requisite novelty under the aforementioned section of the U.S. Patent Act.

## TWENTY NINTH AFFIRMATIVE DEFENSE

96. The products sold by Defendants are not substantially the same as plaintiffs claimed design-patent.

## THIRTIETH AFFIRMATIVE DEFENSE

97. Plaintiff's claims for design patent infringement are barred in whole or in part because an ordinary observer would not consider Defendants' product to be substantially the same as the design of the Plaintiffs' product.

## THIRTY FIRST AFFIRMATIVE DEFENSE

98. Plaintiff has no protectable Trade Dress in its product or in the configuration of its product.
99. The Trade Dress of Plaintiff is not inherently distinctive, nor has it acquired secondary meaning.
100. The Trade Dress of Plaintiff is functional, and thus not protectable as Trade Dress.

### THIRTY SECOND AFFIRMATIVE DEFENSE

101. To the extent that Plaintiff has any protectable Trade Dress, Defendants products in question do not infringe that Trade Dress, because their sale, distribution, or advertising is not likely to cause confusion.

102. Defendants' products are sold in distinctive packaging and contain clear markings to differentiate Defendants as the source. There can be no Trade Dress infringement as a matter of law

### THIRTY THIRD AFFIRMATIVE DEFENSE

103. Defendants have acted at all times with innocent intent, and if plaintiff's rights have been violated, which defendants deny, such violation was entirely innocent, and defendants did not intentionally, knowingly, recklessly, maliciously, or by gross or ordinary negligence participate in any such alleged violation of plaintiffs' rights.

### THIRTY FOURTH AFFIRMATIVE DEFENSE

104. Plaintiff's alleged trade dress is invalid and unenforceable.

### THIRTY FIFTH AFFIRMATIVE DEFENSE

105. The alleged infringing products do not infringe upon the plaintiff's alleged trade dress.

### THIRTY SIXTH AFFIRMATIVE DEFENSE

106. Plaintiff's injuries are due solely, or in part, to a third-party over which the Defendants have no control.

### THIRTY SEVENTH AFFIRMATIVE DEFENSE

107. The Defendants' conduct is privileged and justified as legitimate, lawful competition.

### THIRTY EIGHTH AFFIRMATIVE DEFENSE

108. The alleged trade dress design is functional.

### THIRTY NINETH AFFIRMATIVE DEFENSE

109. The alleged trade dress has been in common use by third parties unrelated to defendants.

### FOURTIETH AFFIRMATIVE DEFENSE

110. Plaintiff fails to state an adequate basis for injunctive relief.

## FORTY FIRST AFFIRMATIVE DEFENSE

111. Defendants have not directly infringed Plaintiff's alleged Trade-Dress nor have they contributed to the infringement of Plaintiff's alleged Trade Dress.

## FORTY SECOND AFFIRMATIVE DEFENSE

112. Plaintiff's claims for trade dress infringement are barred in whole or in part because an ordinary observer would not consider Defendants' product and/or packaging to be substantially the same as the design of the Plaintiffs' product and/or packaging.

## FORTY THIRD AFFIRMATIVE DEFENSE

113. Defendants assert that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that it has not infringed, directly, contributorily, or by inducement, the plaintiff's alleged Copyright.

## FOURTY FOURTH AFFIRMATIVE DEFENSE

114. Plaintiff lacks personal jurisdiction to maintain this action over defendants.

## FOURTY FIFTH AFFIRMATIVE DEFENSE

115. Plaintiff failed to serve the Summons and Complaint in the manner provided by the Federal Rules of Civil Procedure or the New York Civil Law and Practice Law and Rules.
116. Moreover, service of summons and complaint was defective and void because it was made on Saturday upon a person who is a Sabbath observer.
117. Upon information and belief, the Plaintiff's attorney, the plaintiff, and/or the process server knew or were imputed with the knowledge that the person upon whom service is procured is a Sabbath observant.
118. Upon information and belief, the Plaintiff's attorney represented the defendant, American Exchange in previous actions and proceeding and was aware of the religious orientation and dedication of the defendant.
119. Upon information and belief, the Plaintiff's attorney is familiar with the restrictions applied on Sabbath observant Jews.

## FOURTY SIXTH AFFIRMATIVE DEFENSE

120. Plaintiff's claims are barred, in whole or in part, as a result of Plaintiff's failure to include necessary parties, without which there cannot be complete relief.

## FOURTY SEVENTH AFFIRMATIVE DEFENSE

121. The alleged Copyrighted Work lacks the originality required to obtain protection under the Copyright laws of the United States.

## FOURTY EIGHTH AFFIRMATIVE DEFENSE

122. The Plaintiff's claims must fail because, upon information and belief, the Defendants' work of art was independently created.

### FOURTY NINTH AFFIRMATIVE DEFENSE

123. Upon information and belief, Plaintiff's copyright registrations are invalid and unenforceable for failure to disclose other existing designs or works.

### FIFTIETH AFFIRMATIVE DEFENSE

124. The alleged infringing products do not infringe upon any of the plaintiff's alleged copyright registrations.

### FIFTY FIRST AFFIRMATIVE DEFENSE

125. The Defendants alleged conduct was not the cause in fact or the proximate cause of any of the damages alleged by Plaintiff.

### FIFTY SECOND AFFIRMATIVE DEFENSE

126. Plaintiff is not the rightful owner of the copyrights in question.

### FIFTY THIRD AFFIRMATIVE DEFENSE

127. Upon information and belief, Plaintiff's claimed copyrights are invalid and unenforceable because they are not original or creative.

### FIFTY FOURTH AFFIRMATIVE DEFENSE

128. Plaintiff's claims are barred, in whole or in part, as the claims were filed for an improper purpose and lack a reasonable and good faith basis in fact.

### FIFTY FIFTH AFFIRMATIVE DEFENSE

129. The alleged infringing products are not substantially the same as plaintiff's claimed copyright work.

### FIFTY SIXTH AFFIRMATIVE DEFENSE

130. Plaintiff suffered no actual damage, financial or otherwise, as a result of the alleged actions complained of.

### FIFTY SEVENTH AFFIRMATIVE DEFENSE

131. Defendants acted in good faith at all times.

### FIFTY EIGHTH AFFIRMATIVE DEFENSE

132. The Plaintiff's claimed copyrights are invalid because the work were in public use for

more than one year before filing of plaintiffs' copyright application.

## FIFTY NINTH AFFIRMATIVE DEFENSE

133. The Plaintiff's Products and copyrighted designs are not inherently distinctive.

## SIXTIETH AFFIRMATIVE DEFENSE

134. Defendants have no prior knowledge of Plaintiff's alleged copyrights or its Products.

## SIXTY FIRST AFFIRMATIVE DEFENSE

135. Upon information and belief, the alleged copyrighted work has been in common use by third parties unrelated to defendants.

## SIXTY SECOND AFFIRMATIVE DEFENSE

136. Plaintiff's damages are barred, in whole or in part, because they are too remote and speculative.

## SIXTY THIRD AFFIRMATIVE DEFENSE

137. The copyright registration asserted by Plaintiff is invalid, void and without legal effect.

## SIXTY FOURTH AFFIRMATIVE DEFENSE

138. The work that is subject to the copyright registration asserted by Plaintiff constitutes un-copyrightable subject matter.

## SIXTY FIFTH AFFIRMATIVE DEFENSE

139. If the Plaintiff sustained any damages as alleged in the Verified Complaint, which allegations are expressly denied, then same were sustained because of the culpable conduct of parties or non-parties over whom defendants are not obligated to exercise supervision or control.

## SIXTY SIXTH AFFIRMATIVE DEFENSE

140. Plaintiff lacks standing to assert a claim for copyright infringement.

## SIXTY SEVENTH AFFIRMATIVE DEFENSE

141. Plaintiff Asserted work cannot support copyright by reason of merger of idea and expression.

## SIXTY EIGHTH AFFIRMATIVE DEFENSE

142. The damages suffered by Plaintiff, if any, were the direct and proximate result of the acts, omissions, or negligence of persons or entities other than the Defendants.

## SIXTY NINETH AFFIRMATIVE DEFENSE

143. Plaintiff's work in suit was unlawfully derived from antecedent work without license or other permission from the prior works copyright owner(s), such that the copyright, if any, in Plaintiff's work is invalid.

## SEVENTIETH AFFIRMATIVE DEFENSE

144. Plaintiff's alleged work in suit was published without the proper copyright notice rendering Plaintiff's copyright, if any, invalid.

## SEVENTY FIRST AFFIRMATIVE DEFENSE

145. Plaintiff, or Plaintiff's predecessor in interest, failed to protect and/or enforce its alleged rights, and/or engaged in conduct and activities sufficient to constitute waiver of any alleged breach of duty, negligent act, omission or any other conduct, if any, as set forth in the Complaint.

## SEVENTY SECOND AFFIRMATIVE DEFENSE

146.    Upon information and belief, The Plaintiff's attorney has a conflict of interest resulting from his previous representation of the defendant in matters which are related to the instant action and has acquired confidential information through his previous representation of the defendant which is or may be used adversely against the defendant in the instant case.

147.    Therefore, the action must be dismissed or at the least, the plaitniff's counsel must be disqualified.

## SEVENTY THIRD AFFIRMATIVE DEFENSE

148. Defendants reserve the right to assert other affirmative defenses as may be warranted as discovery proceeds as well as any counterclaims or cross claims.

## COUNTERCLAIMS

## PARTIES, JURISDICTION AND VENUE

Upon information and belief, Plaintiff is a New York Corporation, with its principal place of business at 140 58th Street, Suite 7F, Brooklyn, New York 11220-2522.

American Exchange Time LLC, d/b/a Timing Trends is a New York limited liability company, with its principal place of business as 1407 Broadway, Suite 2400, New York, New York 11223.

Upon information and belief, Burlington Coat Factory Warehouse Corporation is a Delaware corporation having a principal place of business at 1830 Route 130, North Burlington, New Jersey 08016.

Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441. Moreover, jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202 as it relates to the declaration that the alleged patents-in-suit are unenforceable, invalid, and/or not infringed by any product offered for sale, sold, made or used by Defendants.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### FIRST COUNTERCLAIM

### Declaration of Non-infringement

Defendants incorporate and reallege the allegations of the preceding paragraphs as though fully set forth herein.

In view of the facts alleged herein, an actual and justiciable controversy exists between Defendants and Plaintiff with respect to Plaintiff's alleged design-Patent and trade-dress as a result of Plaintiff's contention that the alleged infringing products infringe the design patent and trade dress, which allegations Defendants deny. Absent a declaration of non-infringement, Plaintiff will continue to wrongfully assert its design Patent and trade dress against Defendants and thereby cause Defendants irreparable injury and damages.

Defendants have not infringed the Plaintiffs design Patent and trade dress directly, indirectly, contributorily, by inducement, literally or under the doctrine of equivalents, willfully or otherwise, and is entitled to a declaration to that effect.

This is an exceptional case entitling Defendants to an award of costs and attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### SECOND COUNTERCLAIM

### Declaration of Invalidity of Patent

Defendants incorporate and reallege the allegations of the preceding paragraphs as though fully set forth herein.

In view of the facts alleged herein, an actual and justiciable controversy exists between Defendants and Plaintiff with respect to Plaintiff's alleged design-Patent and trade-dress as a result of Plaintiff's contention that the alleged infringing products infringe the design patent and trade dress, which allegations Defendants deny. Absent a declaration of invalidity, Plaintiff will continue to wrongfully assert its design Patent and trade dress against Defendants and thereby cause Defendants irreparable injury and damages.

The Plaintiff's alleged design Patent is invalid in that it fails to meet the conditions of patentability set forth in Title 35, United States Code, including but not limited to, Sections 102,

103, 112, 113, and 171. Specifically, the design-patent is invalid in that the claimed design was known or used by others in this country and described in printed publications in this or a foreign country before the alleged date of invention by third parties, are further invalid on the grounds that the watch design was obvious and Defendants are entitled to a declaration to that effect.

This is an exception case entitling Defendants to an award of costs and attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### THIRD COUNTERCLAIM

### Declaration of Unenforceability of Patent

Defendants incorporate and reallege the allegations of the preceding paragraphs as though fully set forth herein.

In view of the facts alleged herein, an actual and justiciable controversy exists between Defendants and Plaintiff with respect to Plaintiff's alleged design-Patent and trade-dress as a result of Plaintiff's contention that the alleged infringing products infringe the design patent and trade dress, which allegations Defendants deny. Absent a declaration of uneforceability, Plaintiff will continue to wrongfully assert its design Patent and trade dress against Defendants and thereby cause Defendants irreparable injury and damages.

Upon information and belief, The Plaintiff's alleged design Patent is unenforceable based on inequitable conduct in prosecuting the application, including, Plaintiffs knowingly misrepresented the inventorship of its watch design and/or failing to disclose material prior art, facts, and information to the PTO, and Defendants are entitled to a declaration to that effect.

This is an exceptional case entitling Defendants to an award of costs and attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### FOURTH COUNTERCLAIM

### Declaratory Judgment for Design Patent Invalidity

Defendants incorporate and reallege the allegations of the preceding paragraphs as though fully set forth herein.

This is a claim pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of design patent invalidity under 35 U.S.C. §102.

Upon information and belief, more than one year prior to the filing of the design patent applications that issued as the alleged design patent was described in one or more printed publication in the United States or a foreign country and/or was in public use or on sale in the United States.

Therefore, the alleged design patent should be declared invalid in accordance with 35 U.S.C. § 102.

### FIFTH COUNTERCLAIM

### Declaration of Non-infringement of a Valid Design Patent

Defendants incorporate and reallege the allegations of the preceding paragraphs as though fully set forth herein.

An actual case and controversy has arisen and now exists between the parties regarding non-infringement of alleged design patent and trade dress because plaintiff asserts that Defendants infringe this patent, and Defendants deny that it has infringed the alleged design patent and trade dress.

Defendants have not infringed, and do not infringe, directly, contributorily, or by inducement, any valid and enforceable claim of design patent and trade dress, either literally or under the doctrine of equivalents.

Defendants is entitled to a declaratory judgment that it has not infringed, and is not infringing, any valid and enforceable claim of design patent and trade dress.

### SIXTH COUNTERCLAIM

### Declaration of Invalidity for Failure to Disclose Prior Design

Defendants incorporate and reallege the allegations of the preceding paragraphs as though fully set forth herein.

An actual case and controversy has arisen and now exists between the parties regarding the validity and enforceability of the design patent because Plaintiff asserts in the Complaint that this patent is valid and enforceable.

In view of prior existing design patents and publications, the asserted claims of plaintiff's alleged design patent are invalid for failure to comply with the requirements of the patents laws of the United States as set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. § 103 and 171.

Defendants are entitled to a declaratory judgment that the asserted claims of alleged design patent are invalid.

### SEVENTH COUNTERCLAIM

### Declaration of Invalidity for Failure to Disclose Prior Material Arts

Defendants incorporate and reallege the allegations of the preceding paragraphs as though fully set forth herein.

Upon information and belief, alleged design patent is unenforceable because the duty of candor and good faith in dealing with the United States Patent & Trademark Office ("USPTO") was violated by persons associated with the filing and prosecution of the application underlying alleged design patent ("persons associated with the prosecution of the patent") through their

intentional misrepresentations and omissions regarding prior art known to be material, at least as follows:

The application which led to alleged design patent was filed on February 4, 2011 . Upon information and belief, the application which led to alleged design patent originally was filed under expedited prosecution by the Patentee. alleged design patent issued on its face to Plaintiff.

Upon information and belief, persons associated with the prosecution of alleged design patent intentionally withheld from the PTO material prior art. Upon information and belief, persons associated with the prosecution of alleged design patent knew or should have known that prior existing design patents and publications references were material.

Upon information and belief, persons associated with the prosecution of alleged design patent intended to deceive the USPTO by intentionally withholding from the USPTO prior existing design patents and publications despite the obligation to disclose material information to the USPTO.

## EIGHTH COUNTERCLAIM

### Declaration of Invalidity on Grounds of Functionality

Defendants incorporate and reallege the allegations of the preceding paragraphs as though fully set forth herein.

Upon information and belief, the design patent in suit does not meet the conditions specified in 35 U.S.C. §§ 102, 103 and **171** and is invalid, void and unenforceable against Defendants for the reasons listed below or for reasons of which the Defendants may hereafter become informed:
a. The invention claimed therein was known or used by others in this country before the date of the alleged invention thereof by applicant;
b. The invention claimed therein was patented or described in a printed publication in this or a foreign country before the date of the invention thereof by the applicant;
c. The invention claimed therein was patented or described in a printed publication in this or a foreign country more than a year prior to the date of application for patenting in the United States;
d. The invention claimed therein was in public use or sale in this country more than one year prior to the date of the application for patenting in the United States.

The design recited in the patent in suit is primarily functional and does not meet the standards for ornamental design. The design patent in suit depicts elements which are essential to the use of the article.

A genuine controversy exists between Defendants and Viva Time regarding whether the patents in suit are invalid.

Defendants are entitled to a declaratory judgment that the asserted claims of alleged design patent are invalid and/or unenforceable.

### NINTH COUNTERCLAIM

### Declaration of Non-Infringement of Any Valid Trade Dress

Defendants incorporate and reallege the allegations of the preceding paragraphs as though fully set forth herein.

Plaintiff has no trade dress rights in its alleged design, packaging, and/or products because *inter alia:*
(a) the plaintiff's alleged design concept is a generic concept or style that is not capable of trade dress protection.
(b) the plaintiff has not established secondary meaning in the claimed plaintiff's designs used to decorate its alleged package design.

Even if Plaintiff could establish trade dress rights in one or more of its claimed package designs, which it cannot, there is no likelihood of confusion between them and defendants' packaging.

### TENTH COUNTERCLAIM

### Declaration of Non-Infringement of Any Copyright

Defendants incorporate and reallege the allegations of the preceding paragraphs as though fully set forth herein.

An actual case and controversy has arisen and now exists between the parties regarding non-infringement of the alleged plaintiff's copyright because Plaintiff assert that Defendants infringes this copyright, and Defendants deny that it has infringed the plaintiff's alleged copyright.

Defendants believe that, after a reasonable opportunity for further investigation or discovery, it will be able to demonstrate that it has not infringed, and does not infringe, directly, contributorily, or by inducement, the plaintiff's alleged copyright.

Defendants entitled to a declaratory judgment that it has not infringed, and is not infringing, Plaintiff's alleged copyright.

The allegations contained in the WHEREFORE clause of the Complaint constitute legal conclusions to which no response is required and, to the extent a response is required, the Defendants deny the allegations contained in the WHEREFORE clause of the Complaint.

**DEMAND FOR A JURY TRIAL**

The Defendants hereby demand a trial by jury as to any and all issues raised in the Complaint and this Answer which are triable before a jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Defendant, Burlington Coat Factory Corp, respectfully prays for the following

relief:

a) That the Court dismiss Plaintiff's Complaint with prejudice.

b) That the Plaintiff's Design Patent, Trade Dress, and Copyright be adjudged and decreed invalid and unenforceable.

c) That Defendants be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe, literally or under the doctrine of equivalents, the claims of Plaintiff's Design Patent, Trade Dress, and Copyright.

d) That the Court determine and declare that the asserted claims of the 'Plaintiff's Design Patent, Trade Dress, and Copyright are invalid and void;

e) That the Court determine and declare that Plaintiffs engaged in inequitable conduct before the USPTO, and that the Plaintiff's Patent Design is invalid and unenforceable because of inequitable conduct

f) That the Court declare that Plaintiff's Design Patent fail to comply with the United States Patent Act, 35 U.S.C. § 100, *et seq.*, including without limitation, 35 U.S.C. §§ 102, 103, and/or 112, 113, and 171.

g) Declaring that Plaintiff's Design Patent are invalid for failing to meet the conditions for patentability specified in **35 U.S.C. § 171**.

h) Declaring that Plaintiff's Design Patent are invalid and unenforceable because more than one year prior to the filing of the patent applications that issued as the Plaintiff's Design Patent, the claimed subject matter of the patents was described in one or more printed publications in the United States or a foreign country and/or was in public use or on sale in the United States.

i) Declaring that Plaintiff's Design Patent is invalid and unenforceable because the differences between the material claimed in the Patents and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made.

j) Declaring that Plaintiff's Design Patent are invalid and unenforceable in their entirety as a result of inequitable conduct committed during the course of the prosecution of the applications leading to the patents.

k) Declaring that Counter-Plaintiffs have not infringed Plaintiff's Design Patent.

l) Declaring that the Plaintiff's alleged trade dress in design referred to herein are generic concepts or styles that are not capable of trade dress protection and that, in any event, Plaintiff has not established secondary meaning or any protectable rights in the claim trade dress design.

    m) Declaring that the defendants' package and product designs do not infringe any trade dress rights of Plaintiff.

    n) That the Court determine and declare that Defendants have not infringed, and are not infringing, any of the Plaintiff's alleged Copyright Work;

    o) That the Court enter an order granting permanent injunctive relief requiring Plaintiff's to refrain from instituting objectively baseless legal actions for the purpose of interfering with the business of Defendants or others.

    p) That this case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and Defendants be awarded its costs and attorneys' fees incurred in defending this action.

    q) That the Court enter an award in favor of Defendants, which includes actual damages, treble damages as permitted by law, costs, interest and attorneys' fees.

    r) That the Court enter an award to Defendants of its costs, prejudgment interest, monetary interest and attorneys' fees, on all claims.

    s) That the Court enter an award for such other and further relief as the Court deems just and proper.

Dated: February 8, 2012

Brooklyn, New York

Respectfully submitted,
Law Offices of Morris Fateha, P.C.


_____/S/_____
By: Morris Fateha, Esq. (MF 0854)
2084 East 8th Street, 2nd Floor
Brooklyn, NY 11223
(718)627-4600